UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION,<br>1200 New Jersey Avenue, SE<br>Washington, D.C. 20590<br><br>Defendant. | ) | Civil Case No. 1:26-cv-3673 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against Defendant U.S. Department of Transportation ("DOT") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). PPT seeks declaratory and injunctive relief requiring DOT to comply with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government. It does so by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. PPT also seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DOT is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

## STATEMENT OF FACTS

6. On September 17, 2025, PPT submitted three FOIA requests to DOT (collectively, the "Requests"). Each Request covers the period from February 1, 2021, through November 20, 2024, and concerns Pete Buttigieg, Danielle Hirshberg, Carlos Monje, Laura Schiller, Sophie Shulman, Mohsin Syed, and Polly Trottenberg (collectively, the "DOT Officials") and the following organizations: Center for Biological Diversity, Earthjustice, Earthworks, Environmental Defense Fund, Friends of the Earth, Natural Resources Defense Council, Public Citizen, and Union of Concerned Scientists (collectively, the "External Organizations").

7. The first Request (the "External Communications Request") seeks records of communications to, from, and including any of the DOT Officials with anyone at the External Organizations regarding the search terms "Climate" AND "Crisis," "Change," "Action," "Finance," "Emergency denial/denier," "Science," or "Control" or "skeptics/skepticism"; "Green finance"; "Carbon"; "Greenhouse gas/gases"; and "Global warming." The External Communications Request is attached as Exhibit "A".

8. The second Request (the "Calendars Request") seeks calendar records of the DOT Officials' meetings with or about anyone at any of the External Organizations. The Calendars Request is attached as Exhibit "B".

9. The third Request (the "Internal Communications Request") seeks records of communications involving any of the DOT Officials and other DOT officials concerning the External Organizations. The Internal Communications Request is attached as Exhibit "C".

10. DOT's Office of the Secretary acknowledged receipt of the Requests by email and letter. On September 22, 2025, DOT acknowledged the Calendars Request and assigned it tracking number OST-2025-2264 (Exhibit "D"). On September 23, 2025, DOT acknowledged the External Communications Request and the Internal Communications Request and assigned them tracking numbers OST-2025-2265 and OST-2025-2266, respectively (Exhibits "E" and "F"). Each acknowledgment stated only that requests are handled on a first-in/first-out basis and that processing fees may apply.

11. On October 27, 2025, PPT emailed DOT requesting status updates on all three Requests (Exhibit "G").

12. On October 30, 2025, DOT FOIA Officer Michael C. Bell responded that DOT was "still in the search phase" for the Requests, estimated that the search would be complete "within two weeks," and stated that DOT would "be able to produce records within the next 6 to 8 weeks" (Exhibit "H").

13. DOT produced no records within its estimated timeframe. PPT again requested status updates on February 5, 2026 (Exhibit "I"), April 13, 2026 (Exhibit "J"), and May 28, 2026 (Exhibit "K").

14. On June 1, 2026, Mr. Bell apologized for the delay and stated that DOT would "be able to start records production within 2 weeks" for the Requests (Exhibit "L").

15. As of the date of filing this Complaint, DOT has not produced any records responsive to the Requests, and PPT has received no substantive response or further communication from DOT regarding the Requests.

16. None of DOT's acknowledgments or status emails constitutes a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A). A determination requires the agency to gather and review the documents, determine and communicate the scope of the documents it intends to produce and withhold, and inform the requester of the right to appeal any adverse determination. See *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 782 (D.C. Cir. 2018). DOT has done none of these things.

17. The Requests seek documents in the public interest. Disclosure will contribute significantly to the public's understanding of DOT's operations and activities, including how senior DOT officials interacted with outside advocacy organizations regarding climate-related matters, and whether those interactions influenced DOT policy and decision-making. The public has a substantial interest in understanding how DOT interacts with outside groups and how those interactions may influence DOT policy and operations.

18. DOT has failed to make any determination regarding PPT's Requests. Under FOIA, an agency must determine whether to comply with a request within twenty business days of receiving it. 5 U.S.C. § 552(a)(6)(A)(i). More than a year has elapsed since DOT received the Requests. See *Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOT has not produced any responsive documents to PPT. It has not communicated the scope of the documents it intends to produce or withhold, the reasons for any withholding, or PPT's right to appeal any adverse determination.

19. Because DOT has failed to make a determination within the twenty-business-day period required by 5 U.S.C. § 552(a)(6)(A)(i), PPT has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and is entitled to immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

20. PPT incorporates the foregoing paragraphs by reference.

21. PPT properly submitted the FOIA Requests described above to DOT. The Requests seek records within DOT's possession, custody, and control.

22. DOT is subject to FOIA. It therefore must release any non-exempt records in response to a proper FOIA request and provide a lawful reason for withholding any materials.

23. DOT is wrongfully withholding non-exempt agency records responsive to PPT's Requests by failing to produce any such records.

24. DOT has failed to respond to PPT's FOIA Requests within the time limits prescribed by 5 U.S.C. § 552(a)(6)(A) and has not produced any non-exempt responsive records. This complete failure to comply violates FOIA.

25. PPT is therefore entitled to declaratory and injunctive relief requiring DOT to promptly produce all non-exempt records responsive to PPT's FOIA Requests and provide a *Vaughn* index justifying the withholding of any responsive records under a claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests that the Court:

A) Assume jurisdiction over this matter and maintain jurisdiction until DOT complies with the requirements of FOIA and all orders of this Court.

B) Order DOT to produce, within twenty days of the Court's order or by another date the Court deems appropriate, all non-exempt records responsive to PPT's Requests and a *Vaughn* index justifying any withholding, in whole or in part, of responsive records under a claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT any other relief the Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/ *James E. Trainor III*
James E. Trainor III
D.C. Bar ID: TX0112
Dhillon Law Group, Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
(415)433-1700
jtrainor@dhillonlaw.com

*Counsel for the Plaintiff*